## John Adams v. Peter Neu.

1. INSTRUCTIONS—*Assuming an Issue in Dispute is Erroneous.*—An instruction which assumes that the terms of the contract between the parties are known, whereas the terms of the contract were the thing in dispute, is erroneous.

2. SAME—*As to Receipts.*—An instruction that a receipt which says on its face *when executed* that it is a receipt in full, must be taken to be in full of all matters which were claimed, or *should* have been brought forward at the time it was given, unless it appears from a preponderance of the evidence that some item or matter of claim was omitted by

mistake of the parties or by the fraud of the person taking the receipt, is misleading, where there is no evidence and no claim that any item or matter or claim had been omitted from the receipt, either by mistake or fraud.

Assumpsit, on the common counts.    Appeal from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge presiding.    Heard in the Branch Appellate Court at the March term, 1902.    Reversed and remanded.    Opinion filed May 19, 1903.

CHARLES H. JACKSON, attorney for appellant.

E. G. LANCASTER, attorney for appellee.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

Appellant, in the year 1895, made a contract with one Wagner to construct a flat building.    Wagner contracted with one Barker to furnish all the labor and material necessary to construct a porch for said building for $550. Barker began work on the porch and proceeded until he had done one hundred dollars' worth of work, but not being a member of the Stonecutters' Union he was unable to purchase the necessary stone for the porch and so told appellant.    Barker had contracted with appellee to furnish the stone for the porch, but appellee, after furnishing a small quantity, informed Barker that he could not sell him any more stone, but that if Barker would consent, he, appellee, would finish the porch himself.    So much is undisputed.    Appellee then talked with Barker and according to the testimony of appellant an agreement was then made between him and appellee by which, it being mutually considered that Barker's work and materials furnished for the porch were worth $100, appellee agreed to furnish materials and complete the porch for $450, thus, with the $100 to be paid Barker, making the $550 for which Barker had contracted to build the porch.

According to the testimony of appellee he refused to complete the porch for $450 and appellant employed him, appellee, to complete the porch and agreed to pay him whatever it should cost for materials and work to finish

the job.  Upon the trial it was undisputed that if appellant's version of the arrangement between him and appellee was correct, then appellee had been paid in full, he having been paid by appellee $451.50.  The last payment made to appellee was by the turning over to him of a check for $101.50, upon the reception of which appellee gave to appellant a receipt which was introduced in evidence.  The receipt introduced reads as follows:

> "December 2, 1895.
> Received of John Adams the sum of One Hundrt Dollars. Baid in full of al dems.
> $100                                        JOHN P. NEU."

Appellant testified that the receipt was, when given, the same that it is now, and that no change, alteration or addition has been made.

Appellee testified that the words "Baid in full of al dems," had been added to the receipt since it was signed by him. The receipt has been brought to this court and examined by us.  The signature thereon, "John P. Neu," appears to be that of a man who writes easily and readily.  The written portion of the remainder of the receipt appears to be the writing of a man who is not accustomed to write much and writes like one who is accustomed to write but little and who writes English incorrectly.  The name John Adams appearing in the receipt seems to be written with more ease than the balance.  We find upon an examination of the receipt nothing to indicate that anything has been added thereto since it was signed by appellee.  The words, " Baid in full of al dems," are in the same ink and apparently written with the same pen and at the same time as was the remaining body of the receipt.

As to what the original agreement between appellant and appellee was, there are three witnesses claiming to have been present and heard what was said.  Of these, two confirm the testimony of appellant and one that of appellee.

Appellee urges that appellant would not have turned over to him the check of a third party for $101.50 in payment of $100, and that the giving of such check, in excess

Adams v. Neu.

by $1.50 of what appellant says was then due, is evidence that the agreement to complete the porch was not that this should be done for $450.

Appellee does not dispute that the check of a third party for $101.50 was given to him by appellant, while he admits that for such check he gave a receipt stating a payment of $100 only. The only thing which appellee disputes as to the receipt is the statement therein, " Baid in full of al dems."

As before stated, the ultimate question to be determined by the jury was, what was the agreement between the parties; viz., did appellee agree to finish the porch for $450, or did appellant employ him to finish it, agreeing to pay him what the material and labor for so doing cost?

At the instance of the plaintiff, the court instructed the jury as follows:

" The court instructs the jury, as a matter of law, that where it is claimed by the defendant that he has made payment in full upon the contract sued upon, the burden of proof to prove such payment is upon the defendant; and in this case if the jury believe that the defendant has not proved by a fair preponderance, or greater weight of the evidence, the payment in full, if any such payment there was, then the jury will find the issues for the plaintiff as to payment in full."

The instruction was misleading. It assumes that the terms of the contract between appellant and appellee are known, whereas the *terms* of the agreement were the thing in dispute, it being conceded that if appellant's version of the contract was correct, payment had been made in full. The court gave to the jury the following instruction :

" The jury are instructed that a receipt which says on its face *when executed* that it is a receipt in full, must be taken to be in full of all matters which were claimed, or *should* have been brought forward at the time it was given, unless it appears, by a preponderance of the evidence, that some item or matter of claim was omitted by mistake of the parties, or by the fraud of the person taking the receipt."

The instruction was misleading. There was no evidence and no claim that any item or matter or claim had been

54 APPELLATE COURTS OF ILLINOIS.

VOL. 108.] Merchants' Bldg. Imp. Co. v. Chicago Ex. Bldg. Co.

omitted from the receipt, either by mistake or fraud, the question in dispute as to this being whether the words " Baid in full of al dems " had been added to the receipt after it was signed by appellee.

The judgment of the Circuit Court is reversed and the cause remanded.